UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATURAL RESOURCES DEFENSE COUNCIL, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SCOTT PRUITT, et al.,<br><br>Defendants. | Case No. 16-cv-02184-JST<br><br>**ORDER GRANTING DEFENDANTS' AND DEFENDANT-INTERVENORS' MOTIONS FOR SUMMARY JUDGMENT, DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT, AND DISMISSING CASE FOR LACK OF JURISDICTION**<br><br>Re: ECF Nos. 102, 103, 104, 105 |

Before the Court are the parties' and intervenors' cross-motions for summary judgment. ECF No. 102, 103, 104, 105. The Court will dismiss the case for lack of jurisdiction.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Water Quality Control Plans for the San Francisco Bay/Sacramento-San Joaquin Delta Estuary ("Bay-Delta Plan") and the Sacramento River Basin and San Joaquin River Basin, 4th Edition ("Central Valley Plan") implement water quality standards issued by the State Water Resources Control Board ("SWRCB") and approved by the United States Environmental Protection Agency ("EPA"). California Water Code Section 13247 requires state agencies to comply with water quality control plans approved by the SWRCB.

On January 17, 2014, Governor Edmund G. Brown, Jr. issued a "Proclamation of a State of Emergency" throughout California due to severe drought conditions. ECF No. 14-1 at 2-5. The proclamation suspended operation of Section 13247 and directed the SWRCB to "consider modifying requirements for reservoir releases or diversion limitations, where existing requirements were established to implement a water quality control plan." Id. at 3.

Between 2014 and 2016, the SWRCB issued several orders granting temporary urgency change petitions ("TUCPs") by various water users. E.g., ECF Nos. 105-16 to 105-25, 105-27.

Plaintiffs – three environmental organizations: the Natural Resources Defense Council, Bay.org d/b/a The Bay Institute, and Defenders of Wildlife – contend that these orders had the effect of revising the water standards contained in the Bay-Delta Plan and Central Valley Plan.[1] They further assert that Defendants Scott Pruitt and Alexis Strauss had a nondiscretionary duty to review these revised water standards under the Clean Water Act ("CWA"), 33 U.S.C. §§ 1313(c)(2)(A), (c)(3)-(4).[2]

Defendants moved to dismiss Plaintiffs' complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim pursuant to Rule 12(b)(6). ECF No. 38. The Court denied the motion on February 7, 2017. ECF No. 73.

On April 7, 2017, the Governor issued Executive Order B-40-17, which terminated the January 17, 2014 emergency drought proclamation except as to four counties and rescinded related orders, including the suspension of Section 13247. ECF No. 104-8 at 3.

On May 25, 2017, the EPA filed its agency determination that "none of the TUCP Orders issued by the Water Board in 2014-2016 are new or revised [water quality standards]." ECF No. 96-1 at 5.

All parties, as well as Defendant-Intervenors San Joaquin Tributaries Authority, San Luis & Delta-Mendota Water Authority, and Westlands Water District, now move for summary judgment. ECF Nos. 102-105.

## II. REQUESTS FOR JUDICIAL NOTICE

The parties and intervenors make several requests for judicial notice. Pursuant to Federal Rule of Evidence 201(b), "[t]he court may judicially notice a fact that is not subject to reasonable

---

[1] In briefing on Defendants' motion to dismiss, the parties disputed "whether or not Plaintiffs [had] adequately pleaded that the temporary orders issued by the State throughout 2014-2016 qualified as 'revisions' to the water quality standards in the EPA-approved 1995 Bay-Delta Plan." ECF No. 73 at 9. The Court concluded that they had. Id. at 13. As the Court noted in its order denying Defendants' motion, the question presented there was "whether Defendants [had] demonstrated *as a matter of law* that the TUCP orders do not revise California's water quality standards." Id. (emphasis added). In light of the Court's conclusion below that the parties' dispute is now moot, it does not address this question further.

[2] Pruitt, Administrator of the EPA, and Strauss, Acting Regional Administrator for EPA Region IX, are substituted for their respective predecessors in office, Gina McCarthy and Jared Blumenfeld. See Fed. R. Civ. P. 25(d).

2

dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." A court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2).

The Court may take judicial notice of public records, <u>Santa Monica Food Not Bombs v. City of Santa Monica</u>, 450 F.3d 1022, 1025 n.2 (9th Cir. 2006), and facts within public records that are not subject to reasonable dispute, <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 690 (9th Cir. 2001). This includes "public record[s] downloaded from a public agency's official website." <u>Coal. for a Sustainable Delta v. Fed. Emergency Mgmt. Agency</u>, 812 F. Supp. 2d 1089, 1093 (E.D. Cal. 2011). The Court grants the parties' and intervenors' requests for judicial notice of the following public records: the 1995 Bay-Delta Plan, <u>see</u> ECF Nos. 103-2, 104-1; the public records submitted by the San Luis & Delta-Mendota Water Authority and Westlands Water District, <u>see</u> ECF Nos. 13, 14, 104-1; Plaintiffs' Exhibits B-Z, 1-3, and AA-BB, <u>see</u> ECF Nos. 105-1, 106, 110-5, 117; and San Joaquin Tributaries Authority's Exhibits A and B, <u>see</u> ECF No. 108-2.

The remainder of the parties' requests for judicial notice are denied as moot because they are either duplicative or "this order need not rely on [the] documents" presented. <u>Asarco LLC v. Shore Terminals LLC</u>, No. C 11-01384 WHA, 2011 WL 6182123, at *3 (N.D. Cal. Dec. 13, 2011).

**III.  LEGAL STANDARD**

Summary judgment is proper when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine only if there is sufficient evidence "such that a reasonable jury could return a verdict for the nonmoving party," and a fact is material only if it might affect the outcome of the case. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). When deciding a motion for summary judgment, the court must draw "all justifiable inferences" in the nonmoving party's favor and may not weigh evidence or make credibility determinations. <u>Id.</u> at 255.

Where the party moving for summary judgment would bear the burden of proof at trial, that party "has the initial burden of establishing the absence of a genuine issue of fact on each

3

issue material to its case." C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc., 213 F.3d 474, 480 (9th Cir. 2000). Where the party moving for summary judgment would not bear the burden of proof at trial, that party "must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." Nissan Fire & Marine Ins. Co. v. Fritz Cos., 210 F.3d 1099, 1102 (9th Cir. 2000). If the moving party satisfies its initial burden of production, the nonmoving party must produce admissible evidence to show that a genuine issue of material fact exists. Id. at 1102-03. If the nonmoving party fails to make this showing, the moving party is entitled to summary judgment. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

## IV. DISCUSSION

### A. Mootness and Standing

The Court previously denied Defendants' motion to dismiss this case as moot. ECF No. 73 at 6-8. At that time, the TUCP orders had already expired and there were no pending petitions for additional TUCP orders, but the EPA had yet to perform any review of those orders and the Governor's suspension of Section 13247 remained in effect. ECF No. 73 at 6-7. The Court held that "[u]nder this constellation of facts, Plaintiffs and the Court [could] reasonably expect that the challenged harms [would] recur." Id. at 7.

The facts have now changed. On April 7, 2017, the Governor rescinded the suspension of Section 13247, so state agencies must again comply with water quality control plans. ECF No. 104-8 at 3. Moreover, on May 25, 2017, the EPA completed its review of the TUCP orders at issue and determined that the orders do not constitute new or revised water quality standards. ECF No. 96-1 at 5. The Court must consider whether these changed circumstances render the case moot or deprive Plaintiffs of standing

"A moot action is one where the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome. [The Court] cannot take jurisdiction over a claim to which no effective relief can be granted." Headwaters, Inc. v. Bureau of Land Management, 893 F.2d 1012, 1015 (9th Cir. 1990) (citations and internal quotation marks omitted). Defendants'

4

"burden of demonstrating . . . mootness . . . is a heavy one." Greenpeace Action v. Franklin, 14 F.3d 1324, 1329 (9th Cir. 1992). If injunctive relief is unavailable, the Court may still grant declaratory relief if the dispute is "capable of repetition, yet evading review." Davis v. Fed. Election Comm'n, 554 U.S. 724, 735 (2008). A case qualifies for this exception "if (1) the duration of the challenged action is too short to allow full litigation before it ceases, and (2) there is a reasonable expectation that the plaintiffs will be subjected to it again." Greenpeace Action, 14 F.3d at 1329.

Plaintiffs rely on Karuk Tribe of California v. U.S. Forest Service, 681 F.3d 1006 (9th Cir. 2012), to support their argument that this case falls within the "capable of repetition, yet evading review" exception, but that case is distinguishable. The Karuk plaintiffs challenged four notices of intent ("NOIs") allowing certain mining activities, and the Ninth Circuit held that the case was not moot even though the NOIs had expired. Id. at 1017-18. As in Karuk, the TUCP orders at issue in this case remain "too short in duration for a plaintiff to complete litigation before" their expiration. Id. at 1018. But, unlike in Karuk, Plaintiffs have not shown "a reasonable expectation that [Defendants] will engage in the challenged conduct again." Id. (citation and quotation marks omitted). The claims in Karuk satisfied this standard because the Forest Service "continued to approve NOIs" while the case was pending, and the plaintiffs "demonstrated a commitment to challenging these approvals." Id. Here, by contrast – as Plaintiffs' own motion observes – "Section 13247 prohibits 'de facto amendments' to water quality objectives," and "[t]he SWRCB acknowledged . . . in every TUCP order it issued . . . that it could not have approved an order relaxing the permits' objectives if Section 13247 (which prevents state agencies from contravening water quality standards) had been in force." ECF No. 105 at 30 (citing Jan. 31, 2014 TUCP Order at 7-8; Feb. 3, 2015 TUCP Order at 13; SWRCB Cases, 136 Cal. App. 4th 674, 726-33 (2006)). Now that the suspension of Section 13247 has been rescinded, the SWRCB no longer has authority to issue TUCP orders, such as the ones in dispute here, that are inconsistent with the State's water quality standards. Consequently, there is no reasonable expectation that the challenged conduct will recur.

Moreover, the EPA has now performed the review that Plaintiffs prayed for in their

complaint. See ECF Nos. 1 at 29-30 (complaint), 96-1 (EPA agency determination). While Plaintiffs may be correct that the EPA used its determination as an opportunity to support its litigation position, see, e.g., Vietnam Veterans of Am. v. CIA, 811 F.3d 1068, 1078 (9th Cir. 2016) (declining to afford deference to regulatory interpretation that was merely a "convenient litigating position"), the fact remains that the EPA has performed a review. As in Miccosukee Tribe of Indians of Florida v. United States, No. 95-0533-CIV-DAVIS, 1998 WL 1805539 (S.D. Fla. Sept. 14, 1998), that renders this case moot. In that case:

> Following remand, the EPA undertook the very review of the [Everglades Forever Act ("EFA")] the Tribe sought to compel. The agency concluded in January of this year that the EFA does not change the state's water quality standards. . . . The EPA found that because the EFA does not change Florida's water quality standards, it is consistent with the CWA. Therefore, the EPA concluded there was no need to exercise its discretionary duty to promulgate new water quality standards for Florida. . . .
>
> The mandate [from the Eleventh Circuit] required the Court to make factual findings because the EPA had not reviewed the Act. Only now the EPA has reviewed the Act. Under those circumstances, the Court need no longer make its own factual findings, and cannot proceed under the citizen suit provision of the CWA.
>
> The Tribe's allegation that the EPA ignored its mandatory duty to review the EFA is moot.

Id. at *8, *12-13 (citations omitted). Like the Miccosukee Tribe, Plaintiffs here are left "in the position of challenging the sufficiency of the review and the substance of the EPA's findings, not whether the EPA fulfilled any mandatory duty. The EPA has no mandatory duty to reach a particular conclusion after reviewing state standards; it has discretion to approve or disapprove them." Id. at *13 (citing Nat'l Wildlife Fed'n v. Browner, 127 F.3d 1126, 128-30 (D.C. Cir. 1997); City of Las Vegas v. Clark Cty., 755 F.2d 697, 704 (9th Cir. 1985)). "The CWA's citizen suit provision is only available to force the EPA to perform a mandatory duty, not to challenge the substance of an EPA decision. The only way to challenge a decision involving the EPA's discretion is through the APA [Administrative Procedure Act]."[3] Id. (citing City of Las Vegas, 755 F.2d at 704; Scott v. City of Hammond, 741 F.2d 992, 995 (7th Cir. 1994); United States Steel

---

[3] Plaintiffs' complaint does not assert an APA claim. The Court addresses below Plaintiffs' request to amend their complaint to add such a claim.

6

Corp. v. Train, 556 F.2d 822, 836 (7th Cir. 1977)). The EPA's conclusions might be subject to attack in another setting, but the Court cannot, under the citizen suit provision of the CWA, require the EPA to come to any particular outcome.

In addition, while California will certainly experience drought sometime in the future, see ECF No. 73 at 7 & n.6, the Governor's and SWRCB's responses to such a drought are uncertain. That fact is also fatal to Plaintiffs' theory of standing, which requires an "injury in fact" that is both "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) (citations and quotation marks omitted). "[T]hreatened injury must be certainly impending to constitute injury in fact." Clapper v. Amnesty Int'l USA, 568 U.S. 398, 410 (2013) (quoting Whitmore v. Arkansas, 495 U.S. 149, 158 (1990)). Plaintiffs' argument now rests on their fear that: (1) California will experience another drought; (2) the Governor will again respond by issuing an emergency proclamation suspending state law enforcing water quality standards; (3) the SWRCB will again issue TUCP orders that are inconsistent with the State's water quality standards; and (4) the EPA will again fail to review the TUCP orders as revisions to water quality standards. Plaintiffs have "no actual knowledge" of how the Governor, SWRCB, or EPA will respond in the event of renewed drought conditions. Id. at 411. Instead, their argument is based on "a highly attenuated chain of possibilities," not any "certainly impending" threatened injury. Id. at 410. The Court is "reluctan[t] to endorse standing theories that rest on speculation about the decisions of independent actors," and cannot conclude that Plaintiffs face an imminent prospect of future injury that warrants declaratory relief. Id. at 414; see also Preiser v. Newkirk, 422 U.S. 395, 401 (1975) (courts cannot issue advisory opinions on "what the law would be upon a hypothetical state of facts" (citation and internal quotation marks omitted)).

For the foregoing reasons, the Court finds that this case is now moot and that Plaintiffs lack standing. The Court no longer has jurisdiction to consider this case.

**B.     Plaintiffs' Request for Leave to Amend**

Plaintiffs argue that the case is not moot, even though the EPA has determined that the TUCP orders did not revise water quality standards, because that determination "is arbitrary and

capricious . . . and therefore (to the extent necessary) should be held unlawful and set aside under the APA." ECF No. 105 at 32. Plaintiffs request leave to amend their complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure to state an APA claim. Id.; ECF No. 110 at 28.

It is proper for the Court to consider Plaintiffs' request:

> Where plaintiffs fail to raise a claim properly in their pleadings, if they raised it in their motion for summary judgment, they should be allowed to incorporate it by amendment under Fed. R. Civ. P. 15(b). And when issues are raised in opposition to a motion to summary judgment that are outside the scope of the complaint, the district court should have construed the matter raised as a request pursuant to rule 15(b) of the Federal Rules of Civil Procedure to amend the pleadings out of time.

Desertrain v. City of Los Angeles, 754 F.3d 1147, 1154 (9th Cir. 2014) (citations, internal quotation marks, and alterations omitted). Although the Ninth Circuit referenced Rule 15(b), it also cited the standard for granting leave to amend under Rule 15(a): "[L]eave to amend 'shall be freely given when justice so requires,' Fed. R. Civ. P. 15(a), and this policy is to be applied with extreme liberality." [4] Id. (citation omitted). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." Id. (quoting Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004)).

"Futility of amendment can, by itself, justify the denial of a motion for leave to amend,"

---

[4] The court quoted from cases decided prior to the 2007 amendments to Rule 15. Desertrain, 754 F.3d at 1154 (quoting Jackson v. Hayakawa, 605 F.2d 1121, 1129 (9th Cir. 1979), and Apache Survival Coal. v. United States, 21 F.3d 895, 910 (9th Cir. 1994) (quoting Johnson v. Mateer, 625 F.2d 240, 242 (9th Cir. 1980))). At the time of those cases, Rule 15(b) was entitled, "Amendments to Conform to the Evidence" and Rule 15(a) was simply "Amendments." E.g., Fed. R. Civ. P. 15(a), (b) (2006). The rules are now delineated as "Amendments Before Trial," Fed. R. Civ. P. 15(a), and "Amendments During and After Trial," Fed. R. Civ. P. 15(b). A motion for leave to amend at summary judgment might now be more correctly characterized as falling under Rule 15(a) because it occurs before trial. However, this distinction is not material, as the standards under both rules are substantially similar. Under Rule 15(b), a "court should freely permit an amendment when doing so will aid in presenting the merits and the objecting party fails to satisfy the court that the evidence would prejudice that party's action or defense on the merits." Fed. R. Civ. P. 15(b). Likewise, under Rule 15(a), "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Rule 15(a) is very liberal," AmerisourceBergen Corp. v. Dialysist W., Inc., 465 F.3d 946, 951 (9th Cir. 2006), and Rule 15(b) also "embodies a liberal policy in favor of allowing pleading amendments at any time during and even after trial." United States v. Gila Valley Irrigation Dist., 859 F.3d 789, 804 (9th Cir. 2017) (quoting Consol. Data Terminals v. Applied Digital Data Sys., Inc., 708 F.2d 385, 396 (9th Cir. 1983)).

Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995), and this factor is dispositive here. Even if the Court were to allow amendment, and even if the Court were then to set aside the EPA's determination and require the EPA to perform a new, additional review of the TUCP orders, and even if the EPA (or the Court) were then to determine both that the TUCP orders revised state water quality standards and that such standards did not meet the requirements of the CWA, the next step – as Plaintiffs acknowledge in their complaint – would be for the EPA to give the State an opportunity to amend the TUCPs to meet the CWA's requirements. 33 U.S.C. § 1313(c)(3); ECF No. 1 ¶2 ("If EPA does not approve the new or revised standard, EPA must give the state an opportunity to cure any defect. If the state fails to do so, then the EPA must promulgate federal water quality standards."). But the TUCPs are no longer in effect, so there would be nothing for the State to amend even if Plaintiffs' prevailed at every step of the litigation. The Court is incapable of giving Plaintiffs meaningful relief, and any amendment would therefore be futile. Plaintiffs' motion for leave to amend is denied.

## CONCLUSION

This case is dismissed for lack of jurisdiction. Defendants' and Defendant-Intervenors' motions for summary judgment are granted, and Plaintiffs' motion is denied. Leave to amend the complaint is also denied. The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: November 30, 2017

JON S. TIGAR
United States District Judge